Tlie opinion of the Court was délivcred by
Levy, J.
Plaintiff, as transi'erree and owner of a judgment of §1,133, bearing five per cent, per annum from November 18th, 1876, against the Police Jury of the Parish of Jefferson, Left Rank, obtained a judgment in the District Court of said Parish, perpetuating a mandamus, ordering the said Police Jury to levy a tax of three mills on the dollar of all assessed property within the said Parish, Left Bank, to pay the judgment, interest and costs, and further ordering the sheriff and ex-officio tax collector, to collect said tax immediately, and to pay the proceeds to Relator, as soon as collected, in satisfaction, pro tanto, of the said judgment.
Prom the judgment in the mandamus suit, the defendants have taken this appeal.
In his petition, plaintiff alleged that said judgment was rendered to enforce contracts made in 1875 and 1876, when the rate of taxation was limited to 14J mills : that during said years the rate of taxation was, for Parish purposes, as follows: Por 1875, 10 mills, and for 1876, 141-mills, and that at the time when the contract, on which the judgment is based, was made, the law provided, that, in the judgment, the Judge should order the levy of a tax of sufficient amount to pay the' said judgments, and Relator has a vested right in the levy of said tax, which could not be divested by subsequent legislation j wherefore, he prayed for the mandamus. In the alternative, he prayed that the Police Jury be ordered to budget the amount of the judgment on their next-budget and proceed to levy a tax sufficient to pay the same, of three mills on the dollar, notwithstanding the constitutional limitation of taxation.
The record contains conclusive evidence that the original judgment, was based on a contract entered into between the plaintiff therein and the defendant Police Jury. The judgment was rendered contradictorily with the Police Jury, and is, therefore, by lapse of time, within which an appeal or action of nullity might be had, res adjudicata, and cannot be inquired into by us in this action. When the judgment was obtained, the Act of 186!), embodied in the Revised Statutes, was in force, which gave to the judgment debtor the right to have the assessment and collection of a special tax to pay the judgment, and as this Act was subsequently repealed, and prior to the institution of these mandamus proceedings, defendant contends that as the order for such assessment and collection of the special tax was not made prior to the repeal, the mandamus to enforce the same w-ill not lie, and that the *675 silence of the judgment as to the order must be construed as a denial of the tax, and a bar to subsequent proceedings to claim one. On this point this Court held, in 32 A. 887:
“ We do not consider that the insertion in the judgment, that a tax shall be assessed and applied to the payment of this judgment, adds any force to the claim of the Relator for a mandamus. The law, in existence at the time it was rendered, directing such an insertion, forms as much part of the judgment, without being so embodied, as the formal incorporation of its provision does. The Relator has acquired no right by the insertion which he would not have had otherwise.”
It is then clear to our mind, that Relator has the right to enforce the payment of his judgment, by the levy and collection of a'tax in accordance with the law, and to the extent of the taxation in force at the time his contract was entered into, and which, as above stated, formed a part of the contract. This principle is so firmly established and so frequently decided, that it is now regarded as the fixed jurisprudence of the State as well as the Federal Courts, and needs no elaboration or citation of authorities, forming, as it does, an axiomatic, legal and constitutional truth.
The limit of taxation fixed by the law at the time the contract was entered into, is the measure of Relator’s remedy at this time. That limit has not been reached, nor will the tax herein directed to be levied be exceeded thereby, and we, therefore, cannot disturb the judgment of the lower court.
The judgment appealed from is, therefore, affirmed; defendants to pay the costs of both Courts.